IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|   |   |
|---|---|
| NATIONAL MEDICAL IMAGING, LLC, *et al.*, <br> Plaintiffs, <br><br> v. <br><br> U.S. BANK, N.A., *et al.*, <br> Defendants. | : <br> : <br> : <br> : CIVIL ACTION NO. <br> : 16-5044 <br> : <br> : <br> : <br> : |

## MEMORANDUM OPINION

**RUFE, J.**                                                                                             April 30, 2018

The present motion for partial summary judgment forms the latest chapter in the ongoing litigation among National Medical Imaging, LLC, U.S. Bank, N.A., DVI Funding, LLC, and their affiliates. Because the Court writes primarily for the parties, only the background necessary for resolving the motion will be provided.

Plaintiffs National Medical Imaging, LLC and National Medical Imaging Holding Company, LLC (together, "NMI") seek to hold ten Defendants[1] jointly and severally liable for filing involuntary bankruptcy petitions against them in bad faith pursuant to 11 U.S.C. § 303(i)(2). Plaintiffs now move for partial summary judgment to preclude Defendants from "re-litigating" whether the involuntary petitions were filed in bad faith in light of a Florida jury's verdict that the DVI entities, U.S. Bank, and Lyon acted in bad faith in filing an involuntary bankruptcy petition against Maury Rosenberg individually, as the managing member of NMI. For reasons discussed below, Plaintiffs' motion for partial summary judgment will be denied.

---

[1] Defendants are: (1) U.S. Bank, N.A., (2) Lyon Financial Services, Inc. (doing business as U.S. Bank Portfolio Services), (3) DVI Receivables XIV, LLC, (4) DVI Receivables XVI, LLC, (5) DVI Receivables XVII, LLC, (6) DVI Receivables XVIII, LLC, (7) DVI Receivables XIX, LLC, (8) DVI Funding, LLC, (9) Ashland Funding, LLC, and (10) Jane Fox.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

The parties in this bankruptcy case are familiar foes, having spent over a decade litigating the aftermath of a complex securitization transaction. In 2000, Plaintiffs were affiliated with certain limited partnerships (the "NMI LPs") that operated diagnostic imaging centers. The NMI LPs entered into master leases and equipment schedules (the "Master Leases") with DVI Financial Services, Inc. ("DVI Financial") to finance the purchase of medical diagnostic equipment. The leases were secured by a limited guaranty executed by Maury Rosenberg, the managing member of NMI, and an additional guaranty by NMI.

DVI Financial then transferred some of the Master Leases to DVI Funding, LLC, which held them directly, and the remainder were securitized and assigned to the DVI Receivables corporations. At the same time, DVI Funding entered into indentures with U.S. Bank, acting as trustee of the transaction, under which notes were issued to investors with the Master Leases serving as collateral. DVI Financial was appointed as servicer for the trustee, U.S. Bank, but after filing for bankruptcy in 2003, DVI Financial transferred its rights as servicer to Lyon Financial Services, a subsidiary of U.S. Bank.

### A. The First Round of Litigation and the Settlement Agreement

In December 2003, U.S. Bank Portfolio Services, a Lyon subsidiary, filed lawsuits against the NMI LPs, NMI, and Rosenberg in Pennsylvania state court, alleging that the NMI LPs had defaulted on their Master Lease obligations. Several of the DVI entities then filed involuntary Chapter 11 bankruptcy petitions against NMI. On August 12, 2005, Rosenberg, NMI, the NMI LPs, and Lyon entered into a comprehensive Settlement Agreement to resolve these disputes. Pursuant to the Settlement Agreement, the involuntary bankruptcy petitions were

---

[2] The following background is drawn from the Court's July 12, 2017 memorandum opinion denying Ashland's motion to dismiss the amended complaint.

2

dismissed, and Lyon agreed to restructure the repayment obligations of the NMI LPs under the Master Leases and to release NMI from all claims except those arising under the Settlement Agreement. In return, Rosenberg and NMI executed new guaranties of repayment and confessions of judgment in favor of Lyon. On March 2, 2007, DVI Funding sold all of its interests in the Master Leases to Defendant Ashland Funding, LLC ("Ashland").

**B. The Second Round of Litigation: Judgment is Confessed, Involuntary Petitions are Filed, and the Rosenberg Bankruptcy is Adjudicated in Florida**

In March 2008, Lyon notified NMI and Rosenberg that the NMI LPs had defaulted on their repayment obligations under the Settlement Agreement, and in July 2008, Lyon filed a confession of judgment against Rosenberg and NMI in Pennsylvania state court. In November 2008, the DVI entities, U.S. Bank, and Lyon filed involuntary bankruptcy petitions against NMI and Rosenberg in the United States Bankruptcy Court for the Eastern District of Pennsylvania. Rosenberg moved to dismiss the involuntary petitions against him and to transfer venue to the United States Bankruptcy Court for the Southern District of Florida, where he resides. The Rosenberg bankruptcy proceedings were transferred to that district.[3]

### i. The Rosenberg Bankruptcy is Adjudicated in Florida

Following the transfer of venue, and while Rosenberg's motion to dismiss the involuntary petition was still pending, the petition was amended to substitute Ashland in place of DVI Funding. The Florida Bankruptcy Court issued a memorandum opinion and order dismissing the amended involuntary bankruptcy petition against Rosenberg ("*Rosenberg I*").[4] On September 27, 2011, the United States District Court for the Southern District of Florida substantially

---

[3] However, the NMI bankruptcy proceedings remained before the United States Bankruptcy Court for the Eastern District of Pennsylvania.

[4] *In re Rosenberg*, 414 B.R. 826 (Bankr. S.D. Fla. 2009).

affirmed the Bankruptcy Court's decision ("*Rosenberg II*"),[5] and, on July 6, 2012, the Eleventh Circuit affirmed *Rosenberg II* in full ("*Rosenberg III*").[6]

### ii. The NMI Bankruptcy is Adjudicated in Pennsylvania

In the Pennsylvania bankruptcy proceedings against NMI, Ashland was added as a petitioner as successor to DVI Funding, and later joined the other petitioners in filing a Third Amended Petition. After *Rosenberg I*, the Bankruptcy Court for the Eastern District of Pennsylvania dismissed the involuntary bankruptcy petitions filed against NMI on the basis of the collateral estoppel effect of *Rosenberg I*'s holdings that (1) the DVI entities and Ashland were not real parties in interest and (2) Lyon was the only creditor because the Settlement Agreement constituted a novation.[7] The DVI entities and Ashland appealed, and this Court affirmed the Pennsylvania Bankruptcy Court's order.[8] The Third Circuit affirmed.[9]

## C. The Third Round of Litigation: The Adversary Proceedings

### i. Rosenberg's § 303(i) Adversary Proceeding

While the appeals to the Southern District of Florida and Eleventh Circuit were pending, Rosenberg brought a § 303(i) sanctions claim in an adversary proceeding in the Florida Bankruptcy Court.[10] Ashland moved to dismiss, and the Florida Bankruptcy Court granted its motion, finding that because Ashland was not a petitioning creditor in the operative underlying

---

[5] Order Affirming in Part and Reversing in Part Bankruptcy Court's Orders, *DVI Receivables XIV, LLC, et al. v. Rosenberg*, No. 10-2437, Doc. No. 11 (S.D. Fla. Sept. 27, 2011).

[6] *In re Rosenberg*, 472 F. App'x 890 (11th Cir. 2012).

[7] *In re Nat'l Med. Imaging, LLC,* 439 B.R. 837, 847-52 (Bankr. E.D. Pa. 2015).

[8] *DVI Receivables XIV, LLC v. Nat'l Med. Imaging, LLC*, 529 B.R. 607, 627 (E.D. Pa. 2015).

[9] *Nat'l Med. Imaging, LLC v. Ashland Funding LLC*, 648 F. App'x 251 (3d Cir. 2016).

[10] *Rosenberg v. DVI Receivables, XIV, LLC*, Adv. No. 10-3812 (Bankr. S.D. Fla.).

4

petition, a § 303(i) sanctions claim against it could not stand.[11] After the reference was withdrawn from the Bankruptcy Court, the Florida District Court held a jury trial on Rosenberg's § 303(i)(2) claims for damages. The jury returned a verdict in favor of Rosenberg and against the DVI entities, U.S. Bank, and Lyon, and that verdict was upheld by the Eleventh Circuit.[12]

### ii. NMI's § 303(i) Adversary Proceedings

On May 27, 2014, NMI brought claims for attorneys' fees and costs under § 303(i)(1) and Bankruptcy Rule 9011 in two adversary proceedings in the Bankruptcy Court for the Eastern District of Pennsylvania. After this Court held that NMI's claims had to be initiated in the Bankruptcy Court, NMI added claims for damages under § 303(i)(2). NMI then moved to withdraw the reference, which this Court granted on September 1, 2016, and NMI filed an amended complaint in this Court. The amended complaint seeks compensatory and punitive damages under § 303(i)(2) arising from the involuntary bankruptcy suit.[13] U.S. Bank, Lyon Financial Services, and the DVI entities filed an answer to the amended complaint, and Ashland moved to dismiss. The Court denied Ashland's motion. After completing discovery, NMI moved for partial summary judgment on collateral estoppel grounds.

## II.   STANDARD OF REVIEW

Upon motion of a party, summary judgment is appropriate if "the materials in the record" show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[14] Summary judgment may be granted only if the moving party persuades the district court that "there exists no genuine issue of material fact that would permit

---

[11] Memorandum Opinion Granting Ashland's Motion to Dismiss, *Rosenberg v. DVI Receivables, XIV, LLC*, Adv. No. 10-3812, Doc. No. 168 (Bankr. S.D. Fla. Mar. 23, 2012).

[12] *Rosenberg v. DVI Receivables XIV, LLC*, 818 F.3d 1283, 1286 (11th Cir. 2016).

[13] NMI is also seeking attorneys' fees and costs against Defendants under 11 U.S.C. § 303(i)(1) in the Bankruptcy Court for the Eastern District of Pennsylvania.

[14] Fed. R. Civ. P. 56(a), (c)(1)(A).

5

a reasonable jury to find for the nonmoving party."[15] A fact is "material" if it could affect the outcome of the suit, given the applicable substantive law.[16] A dispute about a material fact is "genuine" if the evidence presented "is such that a reasonable jury could return a verdict for the nonmoving party."[17]

In evaluating a summary judgment motion, a court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor.[18] Further, a court may not weigh the evidence or make credibility determinations.[19] Nevertheless, the party opposing summary judgment must support each essential element of the opposition with concrete evidence in the record.[20] "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[21] This requirement upholds the "underlying purpose of summary judgment [which] is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense."[22] Therefore, if, after making all reasonable inferences in favor of the non-moving party, the court determines that there is no genuine dispute as to any material fact, summary judgment is appropriate.[23]

### III. DISCUSSION

Plaintiffs argue Defendants should be estopped from litigating the issue of whether the involuntary bankruptcy petitions against Plaintiffs were filed in bad faith, in light of the Florida

---

[15] *Miller v. Ind. Hosp.*, 843 F.2d 139, 143 (3d Cir. 1988).

[16] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[17] *Id.*

[18] *Hugh v. Butler Cty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

[19] *Boyle v. Cty. of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998).

[20] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

[21] *Anderson*, 477 U.S. at 249-50 (citations omitted).

[22] *Walden v. Saint Gobain Corp.*, 323 F. Supp. 2d 637, 641 (E.D. Pa. 2004) (citing *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976)).

[23] *Celotex*, 477 U.S. at 322; *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 83 (3d Cir. 1987).

jury's verdict finding that the DVI entities, U.S. Bank, and Lyon filed the involuntary bankruptcy petition against Maury Rosenberg in bad faith.

Collateral estoppel, or issue preclusion, "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim."[24] In order for collateral estoppel to apply, four requirements must be satisfied: "(1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question."[25] "An additional requirement that the previous determination was necessary to the decision is sometimes added."[26] The party claiming the benefit of estoppel bears the burden of showing that it is appropriate.[27] However, due to the risk of erroneously denying parties a chance to be heard on their claims, reasonable doubts about the application of collateral estoppel should be resolved against its use.[28]

Plaintiffs have failed to satisfy the first requirement, that is, that the identical issue was decided in a prior adjudication. Identity of issues "is established by showing that the same general legal rules govern both cases and that the facts of both cases are indistinguishable as

---

[24] *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (internal quotation marks omitted).

[25] *Bd. of Trustees of Trucking Employees of N. Jersey Welfare Fund, Inc. v. Centra*, 983 F.2d 495, 505 (3d Cir. 1992).

[26] *DVI Receivables XIV, LLC v. National Med. Imaging, LLC*, 529 B.R. 607, 617 (E.D. Pa. 2015), *aff'd*, *National Med. Imaging, LLC, v. Ashland Funding, LLC*, 648 F. App'x 251 (3d Cir. 2016) (internal quotation marks and citation omitted).

[27] *Suppan v. Dadonna*, 203 F.3d 228, 233 (3d Cir. 2000).

[28] *Witkowski v. Welch*, 173 F.3d 192, 206 (3d Cir. 1999) (citing *Kauffman v. Moss*, 420 F.2d 1270, 1274 (3d Cir. 1970)).

measured by those rules."[29] While the facts of the two cases need not be identical, collateral estoppel is appropriate only if any factual differences "are of no legal significance whatever in resolving the issue presented."[30]

Here, the same standard governs the legal issues in both actions, *i.e.*, using a totality of the circumstances analysis to find whether creditors acted in bad faith when filing involuntary bankruptcy petitions against debtors.[31] However, factual differences between the two matters are of legal significance in resolving the totality of the circumstances analysis. At trial, counsel for Rosenberg repeatedly characterized the Florida adversary litigation as having "nothing to do with NMI,"[32] and the facts and circumstances supporting Defendants' decision to file the petitions against Rosenberg and NMI may have differed greatly. On the one hand, Defendants argue that the NMI filing was precipitated by NMI's threats to imminently shut down the centers, which could have resulted in losing patients, damaging equipment, and destroying any liquidation value that may have remained in the centers.[33] On the other hand, "[t]he goal of the involuntary petition filed against Rosenberg is less clear cut" as Rosenberg owned only a portion of NMI and acted as its managing member; and "the Florida jury may have felt that filing against Rosenberg personally crossed the line."[34] Moreover, the Florida jury entered a general verdict, so it is impossible to know what facts were relied upon in making its bad faith determination, and

---

[29] *Suppan*, 203 F.3d at 233.

[30] *United States v. Stauffer Chem. Co.*, 464 U.S. 165, 172 (1984).

[31] Courts in the Third Circuit and Eleventh Circuit use a totality of the circumstances analysis to determine whether a petitioning creditor acted in bad faith. *See In re Forever Green Athletic Fields, Inc.*, 804 F.3d 328, 335-36 (3d Cir. 2015); *see also In re Apache Trading Group, Inc.*, 229 B.R. 891, 893 (Bankr. S.D. Fla. 1999).

[32] Ashland's Resp. in Opp. to Mot. at 14 (quoting Devito Decl., Ex. J.). *See also* Ashland's Sur-Reply at 8 (citing DE 5 at 190, 196).

[33] As the Florida District Court recognized, "[t]o the extent Defendants were worried about the dissipation of NMI assets, their witnesses never explained to the jury how putting Rosenberg personally through an involuntary bankruptcy petition would safeguard NMI assets." Ashland Sur-Reply at 9 (quoting Def. Ex. 10 at 7).

[34] Ashland's Resp. in Opp. to Mot. for Partial Summ. J. at 15.

8

whether these facts were common to the motivations in filing the petitions against NMI.[35] Applying collateral estoppel would foreclose the possibility that the involuntary bankruptcy petitions against NMI were properly motivated, but that the filing against Rosenberg was not. That result would not be warranted given the differences between the two proceedings and the underlying facts. Thus, the Court concludes that there is not sufficient identity of issues to permit offensive collateral estoppel.

## IV.  CONCLUSION

For the reasons stated above, Plaintiffs' motion for partial summary judgment will be denied. An appropriate order follows.

---

[35] *See Amader v. Pittsburgh Corning Corp.*, 546 F. Supp. 1033, 1039 (E.D. Pa. 1982) ("The jury verdicts which it has purportedly won are inefficient to create a collateral estoppel bar for several reasons: first, some are general verdicts and we are unable to discern the basis thereof; that is, juries could have found for Pittsburgh Corning on any number of issues including statute of limitations, lack of proximate cause, et cetera. Collateral estoppel goes to issue preclusion, and without jury interrogatories we cannot and therefore will not speculate as to the basis for a jury's decision.").